**Jose Dubergel BONY, Plaintiff,**

v.

**R. BRANDENBURG, et al., Defendants.**

**No. TH89–125–C.**

United States District Court,
S.D. Indiana,
Terre Haute Division.

April 4, 1990.

Jose Dubergel Bony, pro se.

Thomas E. Kieper, Asst. U.S. Atty., Indianapolis, Ind., for defendants.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

McKINNEY, District Judge.

This *Bivens* action comes before the Court on the defendants' motion for summary judgment. For the reasons set forth below, the Court GRANTS the motion.

### I. FACTS

On May 14, 1989, the plaintiff was a detainee in the United States Penitentiary in Terre Haute, and was involved in an incident which resulted in the finding that plaintiff refused to obey an order and engaged in conduct which disrupts. On that date plaintiff was ordered to come forward in his cell to be handcuffed and he refused to do so and became belligerent. He was then restrained by prison officials and removed from his cell by use of reasonable force. Plaintiff resisted this force. Plaintiff received a medical examination upon arrival at the segregation unit, but only minor scrapes and scratches were noted. He was treated by the prison doctor.

A disciplinary hearing was held on May 22, 1989, but the plaintiff declined to call any witnesses and declined a staff representative's assistance. He was thereafter found guilty of Refusing to Obey an Order.

Plaintiff filed this action in June of 1989. No administrative remedies were pursued by the plaintiff prior to this lawsuit. Since that date, plaintiff has not made any other filings. January 2, 1990, this Court dismissed the action as to defendant E. Van Gilder for insufficient service of process. On January 29, 1990, the remaining individual federal defendants moved for summary judgment with supporting evidence. No response has been filed by the plaintiff, despite proper notice under *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982).

### II. SUMMARY JUDGMENT STANDARDS

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall

be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Further, Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Since the Supreme Court's trilogy of decisions on summary judgment, *see Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); and *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), it is clear that the mandatory aspects of Rule 56 must be followed by the district courts, and, as a result, summary judgment must be entered where appropriate.

Decisions of the Seventh Circuit reflect this change in attitude as well. *See, e.g., Herman v. City of Chicago,* 870 F.2d 400, 404 (7th Cir.1989); *Spellman v. Commissioner,* 845 F.2d 148, 152 (7th Cir.1988); *Collins v. Associated Pathologists, Ltd.,* 844 F.2d 473 (7th Cir.1988). In short, it is the advocates, not the courts, who must press their claims and vigorously oppose the motion for summary judgment. *See, e.g., Herman v. City of Chicago,* 870 F.2d 400, 404 (7th Cir.1989) (courts need not scour record to support a party's claim at summary judgment; adversaries are to pursue their cases and courts are to rule accordingly). Even in *pro se* prisoner cases, while the Court must liberally construe pleadings, the Court cannot act as the prisoner's lawyer, and must enter summary judgment where appropriate.

Additionally, the Seventh Circuit has made it clear that issues of motive or intent may properly be decided by way of summary judgment where there are no genuine issues of material fact on the issue. *See, e.g., Corrugated Paper Products, Inc. v. Longview Fibre Co.,* 868 F.2d 908, 913–14 (7th Cir.1989); *McMillian v. Svetanoff,* 878 F.2d 186, 188 (7th Cir.1989); *Morgan v. Harris Trust and Savings Bank of Chicago,* 867 F.2d 1023, 1026 (7th Cir.1989) (summary judgment "will not be defeated simply because issues of motive or intent are involved").

With these standards at hand, the Court will address the substantive questions raised.

## III. DISCUSSION

In response to what is in essence an Eighth Amendment cruel and unusual punishment claim, the defendants first argue that plaintiff has failed to exhaust his administrative remedies. Defendants are correct in their argument that there is authority for requiring exhaustion in a *Bivens* case. *See, e.g., Brice v. Day,* 604 F.2d 664 (10th Cir.1979). However, there is also authority to the contrary. *See, e.g., Muhammad v. Carlson,* 739 F.2d 122, 124 (3d Cir.1984); *Goar v. Civiletti,* 688 F.2d 27 (6th Cir.1982). And, to this Court's knowledge, the Seventh Circuit has not yet ruled on this issue, but instead has for the time being decided "not [to] take sides in this dispute." *Del Raine v. Carlson,* 826 F.2d 698, 704 (7th Cir.1987).

Thus, this Court is hesitant to rule that exhaustion of administrative remedies is a requirement in *Bivens* case when the Seventh Circuit has not yet said that it is, and where there is an apparent split in the circuits on this issue. It may well be that exhaustion is a prerequisite, but this Court would not make that ruling without further research and briefing on the matter. Accordingly, at this juncture the Court denies the defendants' motion to dismiss for want of subject matter jurisdiction.

Defendants still prevail, however, because plaintiff has not raised a genuine

issue of material fact supporting his claim of cruel and unusual punishment. To the contrary, the unrefuted and probative evidence submitted by the defendants establishes as a matter of law that plaintiff has not stated an Eighth Amendment claim. Only unnecessary and wanton infliction of pain constitutes cruel and unusual punishment. *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986). There is no evidence of such conduct here.

■ Moreover, defendants have also shown that they are entitled to qualified immunity. The plaintiff has not raised a genuine issue of material fact as to whether the defendants violated clearly established constitutional rights of which a reasonable person would have known. To the contrary, the only evidence before the Court establishes that the defendants acted properly and pursuant to governing regulations and standards. Thus, the defendants are also entitled to qualified immunity.

Accordingly, defendants' summary judgment motion is GRANTED. The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.