**John J. McCARTHY,**
**Plaintiff–Appellant,**

v.

**Mr. MADDIGAN, Dr. Perry; Dr. Walter, Dr. Delmuro, Defendants–Appellees.**

**No. 90–3112.**

United States Court of Appeals, Tenth Circuit.

Sept. 20, 1990.

John J. McCarthy, pro se.

Before McKAY, MOORE, and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a)(1); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Appellant John J. McCarthy appeals the district court's dismissal of his civil rights claim filed pursuant to 28 U.S.C. § 1331 and the court's denial of his motion for relief from judgment made pursuant to Fed.R.Civ.P. 60(b). Appellant alleges that the deliberate indifference to his serious medical needs of officials of the federal

penitentiary in Leavenworth, Kansas, violates his Eighth Amendment rights, and he seeks damages. The district court dismissed the claim without prejudice because Mr. McCarthy failed to demonstrate he had made use of the administrative review process provided by the Bureau of Prisons, as required by *Brice v. Day,* 604 F.2d 664, 666–68 (10th Cir.1979), *cert. denied,* 444 U.S. 1086, 100 S.Ct. 1045, 62 L.Ed.2d 772 (1980). District Court Order of April 6, 1990. For the reasons cited in its first order, and because appellant failed to present any new evidence, the district court also denied appellant's motion for relief from judgment. District Court Order of April 19, 1990.

Appellant argues that the law in this circuit is unsettled as to whether exhaustion of administrative remedies is required in a *Bivens*-type action, *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), where a federal prisoner seeks only money damages to redress an alleged constitutional violation. He urges us to follow certain cases from the Third and Sixth Circuits rejecting such a requirement.

The appellants in *Brice v. Day* argued, as does Mr. McCarthy, that the exhaustion of administrative remedies requirement does not apply where damages are sought for a violation of a constitutional right. 604 F.2d at 665. One of the appellants in *Brice* sought monetary damages and "what other relief the court deems fair." *Id.* This court held that "preliminary fact-finding would be necessary to determine whether there is a possible *Bivens* cause of action.... Thus, if we assume that the petitions before us could indicate a *Bivens* cause of action as the appellants argue, we must ... require an initial administrative inquiry." *Id.* at 666. *Brice* made clear that "this administrative consideration is not to resolve constitutional issues nor to consider damages," *id.* at 667, but simply to develop a factual record to assist the district court in its review.

Appellant relies principally on *Muhammad v. Carlson,* 739 F.2d 122 (3d Cir.1984), and *Goar v. Civiletti,* 688 F.2d 27 (6th Cir.1982), both of which hold that a federal prisoner seeking only money damages in a *Bivens*-type action need not first exhaust administrative remedies. *Muhammad* and *Goar,* however, do not state the law in this circuit. Moreover, these cases mischaracterize this circuit's holding in *Brice.* According to the Third Circuit, *Brice* held that a "federal prisoner seeking damages and other relief for overcrowded conditions must exhaust administrative remedies." 739 F.2d at 125 n. 1; *cf.* 688 F.2d at 29. The rule of *Brice,* however, is not keyed to the type of relief sought, but to the need for preliminary fact-finding. *Brice* does not except cases involving claims for monetary damages only.

We also disagree with the Third Circuit's assumption that the courts "may not take it upon ourselves to impose a judicially-created exhaustion requirement directed at federal prisoners." 739 at 125. Given that *Bivens* actions are "a creation of the judiciary," *id.* at 124; *accord Brice,* 604 F.2d at 665, it follows that the courts may, and indeed must, establish reasonable requirements for bringing such actions. Furthermore, as the Sixth Circuit recognized in *Goar,* "[a]lthough the administrative apparatus could not award money damages ..., administrative consideration of the possibility of corrective action and a record would have aided a court in measuring liability and determining the *extent* of the damages." 688 F.2d at 29 (emphasis in original).

We further note that in *Hessbrook v. Lennon,* 777 F.2d 999, 1007 n. 14 (1985), the Fifth Circuit correctly construed our holding in *Brice* and declined to adopt the Third and Sixth Circuits' view on this issue. We agree with the *Hessbrook* panel that "a broad exhaustion requirement is particularly appropriate in cases involving federal prisoner complaints against prison officials relating to their ... treatment during confinement." 777 F.2d at 1007.

We find no merit in the other cases cited by appellant, Appellant's Opening Brief at 3, nor do they alter our conclusion that preliminary fact-finding is necessary in this case, as it was in *Brice,* to determine

whether appellant has a possible *Bivens* cause of action. *See* 604 F.2d at 666; *cf. Hatcher v. Office of Comptroller of Currency*, 631 F.2d 985, 989 n. 6 (D.C.Cir.1980) (citing *Brice* ). Furthermore, although appellant alleged in his complaint that he had invoked the prison grievance procedure prior to filing this suit, he does not challenge on appeal the district court's finding that he "failed to demonstrate his use of the [available] administrative remedy process." Order of April 6, 1990, at 1.

Accordingly, we grant permission to proceed in forma pauperis, and the order of the district court is AFFIRMED.