931 F.2d 63
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
John Francis ROURKE, Plaintiff-Appellant,
v.
A.F. BEELER, Warden, Defendant-Appellee.
 No. 90-6353.
 United States Court of Appeals, Tenth Circuit.
 April 17, 1991.
 
 ORDER AND JUDGMENT*
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 John Francis Rourke, a federal prisoner incarcerated at the El Reno, Oklahoma, Federal Correctional Institute, appeals the district court's dismissal without prejudice of his various claims against prison officials. Specifically, Mr. Rourke argues that he has been harassed and disciplined for filing administrative and legal actions against certain prison officials. He claims that he has been denied access to an adequate law library, and denied an opportunity to purchase writing supplies and stamps to file his various legal actions. The district court held that Mr. Rourke had failed to exhaust his administrative remedies within the Federal Bureau of Prisons and dismissed his writ of habeas corpus without prejudice so Mr. Rourke could pursue his administrative appeals. We affirm.
 
 
 3
 In Brice v. Day, 604 F.2d 664, 666-67 (10th Cir.1979), cert. denied, 444 U.S. 1086 (1980), we held that a federal prisoner must exhaust administrative remedies before a federal district court may entertain a habeas corpus petition. This exhaustion requirement applies even in cases where the prisoner claims prison officials have violated his constitutional rights. Id. This court has strictly adhered to this rule of exhaustion in cases of prisoners filing habeas corpus petitions, "to reduce the intrusion of the courts into the administration of the prisons, ... and to provide some fact-finding so that when or if the matter reaches the trial court, it will have some starting place." Id. at 667 (citations omitted). The exhaustion requirement also serves to curb abuses of the habeas corpus process by prisoners. As we noted in Brice:
 
 
 4
 The prisoners in this action thus must work initially within this structure of authority, control, and established grievance procedure. These petitions cannot be misused as devices to challenge this authority and relationship. Instead the petitions must be considered and used only as bona fide grievances and claims to be resolved. They are not tickets to an immediate confrontation with the guards and supervisors outside the prison and in the court room no matter how they are framed.
 
 
 5
 Id. at 667.
 
 
 6
 The regulations contained in 28 C.F.R. Secs. 542.13, 542.14, and 542.15 provide the procedure for filing and appealing prisoners' complaints. Section 542.13 states that the first step in the procedure is for prisoners to attempt to informally resolve their grievances with staff. If this is unsuccessful, the prisoner may file a written grievance with the Warden. Section 542.14 then provides that the Warden must respond within fifteen days. If the Warden fails to respond within this period, which may include a fifteen-day extension period, the prisoner may consider the Warden's failure to respond to be a denial of the requested relief. Section 542.15 next states that the prisoner may appeal the Warden's decision (presumably whether it is an actual or assumed denial of relief) to the Regional Director within twenty days. The Regional Director has thirty days to respond. If the prisoner is still not satisfied, an appeal may be taken to the General Counsel within thirty days from the date of the Regional Director's response. The General Counsel has thirty days in which to respond. Section 542.15 concludes: "Appeal to the Office of General Counsel is the final administrative appeal in the Bureau of Prisons."
 
 
 7
 The district court discussed Mr. Rourke's failure to properly file an appeal at even the Regional Director level. While noting that the regulations may provide for extensions of time for filing appeals due to excusable delay, Sec. 542.15, the district court concluded that, "[i]n any event, it is apparent that Petitioner has not exhausted his administrative remedies before the Bureau of Prisons."
 
 
 8
 Two facts support the district court's conclusion. First, an examination of the record shows that Mr. Rourke has not attempted to appeal to the General Counsel, the final step in the required appeals process. In addition, we note that Mr. Rourke's attempt to file his appeal with the Regional Director was defective. Second, the record also shows that Mr. Rourke began pursuing his administrative appeal by filing his "Discipline Hearing Appeal" of August 22, 1990, (Doc. 20, exhibit 4) at the regional level approximately one month after he filed his habeas corpus petition. Under Brice, all administrative remedies must be exhausted prior to the filing of the habeas corpus petition. 604 F.2d at 667-68. See also McCarthy v. Maddigan, 914 F.2d 1411, 1413 (10th Cir.1990).
 
 
 9
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3