931 F.2d 63
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
John Francis ROURKE, Plaintiff-Appellant,
v.
Sam E. CRAVEN, Rodney Sharp, and Ray Buntrock, Defendants-Appellees.
 No. 90-6351.
 United States Court of Appeals, Tenth Circuit.
 April 17, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 John Francis Rourke appeals from the district court's dismissal of his action against several prison officials under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Specifically, Mr. Rourke alleges that these officials verbally and physically assaulted him at various times during the fall of 1989 and the winter of 1990. The district court dismissed Mr. Rourke's claims due to his failure to exhaust administrative remedies.
 
 
 3
 After reviewing the record, we conclude the district court committed no reversible error, and on the basis of the reasoning set forth in its Order of September 25, 1990, and on the basis of our reasoning in the related case of Rourke v. Beeler, No. 90-6353, the judgment of the district court is AFFIRMED. See McCarthy v. Maddigan, 914 F.2d 1411, 1412 (10th Cir.1990); Brice v. Day, 604 F.2d 664, 666-68 (10th Cir.1979), cert. denied, 444 U.S. 1086 (1980). The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3