931 F.2d 64
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
David ZINK, Plaintiff-Appellant,
v.
Michael QUINLAN, Director of BOP, and G.L. Henman, Warden,
and John USP Mail Room, Defendants-Appellees.
 No. 91-3003.
 United States Court of Appeals, Tenth Circuit.
 April 17, 1991.
 
 Before MCKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Appellant, a federal prisoner in Leavenworth, Kansas, brought this civil rights action under 28 U.S.C. Sec. 1331. Appellant claims that his constitutional rights were violated, and continue to be violated, by the prison's refusal to open "legal mail" in his presence. Thus, appellant brought a motion seeking a temporary restraining order. The district court dismissed the complaint without prejudice on the grounds that appellant had not exhausted his prison administrative remedies. The district court cited two cases that are controlling here. See McCarthy v. Maddigan, 914 F.2d 1411 (10th Cir.1990); Brice v. Day, 604 F.2d 664 (10th Cir.1979), cert. denied, 444 U.S. 1086 (1980). Those cases demonstrated that in this court " 'a broad exhaustion requirement is particularly appropriate in cases involving federal prisoner complaints against prison officials relating to their ... treatment during confinement." McCarthy, 914 F.2d at 1412, quoting, Hessbrook v. Lennon, 777 F.2d 999, 1007 (1985).
 
 
 3
 We agree with the district court that in most cases "[t]he administrative remedy process is necessary for the proper and effective handling of prisoner complaints and serves as a form of discovery in an attempt to resolve the grievance." Dist.Ct.Order at 1. Additionally, as in McCarthy, 914 F.2d at 1412 (quotations omitted), appellant in this case "does not challenge on appeal the district court's finding that he failed to demonstrate his use of the [available] administrative remedy process;" rather, he states that he should not have "to endure the violations for [the] 70 plus days it takes to exhaust." See Appellant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees at 3. We disagree with this assertion because of the clear law of this court and because in this case exhaustion would serve to either correct the alleged problem or adduce facts necessary to its resolution in court.
 
 
 4
 Therefore, we GRANT the motion for leave to proceed in forma pauperis and AFFIRM the district court's order dismissing the action without prejudice. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3