946 F.2d 902
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Earl Ellery WRIGHT, Plaintiff-Appellant,
v.
UNITED STATES BUREAU OF PRISONS, named as "Bureau of
Prisons, Department of Justice"; A. Belaski, Custodial
Warden FCI Englewood; B.J. Bubeck, Supervisor of Education;
R.V. Veach, Unit Manager, West Unit; J.L. Curry, Case
Manager, West Unit; Edward Rippel, Medical, FCI Englewood;
William Buchanan, Hospital Administrator; T.H. Norris,
Correctional Counselor; David Herrera, Hospital P.A.;
Futch, Food Service Foreman; and Paul Schuch, Case Manager,
West Unit, Defendants-Appellees.
 No. 91-1216.
 United States Court of Appeals, Tenth Circuit.
 Oct. 22, 1991.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Earl Wright, a federal prisoner, brought this civil rights complaint alleging that prison officials violated his constitutional rights. See Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). The magistrate judge recommended that the complaint be dismissed because Mr. Wright had not exhausted his administrative remedies. The district judge accordingly dismissed the complaint.
 
 
 3
 On appeal, Mr. Wright acknowledges that he has not yet completed the administrative appeal process. However, he argues that, under the Civil Rights of Institutionalized Persons Act, the district court was required to grant a continuance to allow Mr. Wright to complete the administrative process. 42 U.S.C. § 1997(e)(a)(1). He also argues that completion of the administrative process will not undo the punishment which he has undergone. Apparently he wishes to be allowed to press his claim for money damages here. He does, however, seek other relief, such as expungement of negative information from his file and restoration of status and privileges.
 
 
 4
 As to Mr. Wright's first argument, the Civil Rights of Institutionalized Persons Act applies by its terms only to persons institutionalized in state--not federal--facilities. 42 U.S.C. §§ 1997(1), (4); Williams v. Meese, 926 F.2d 994, 997 (10th Cir.1991). Thus, the district court was not statutorily required to grant a continuance. Finally, even if Mr. Wright were seeking only money damages, the exhaustion requirement would apply to his Bivens claim. McCarthy v. Maddigan, 914 F.2d 1411, 1412 (10th Cir.1990). Mr. Wright also seeks certain other relief which may well be handled administratively and therefore not require the attention of the court.
 
 
 5
 The order of the district court dismissing this action is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3