951 F.2d 359
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harry Lee DODD, Plaintiff-Appellant,
v.
Peter CARLSON, et. al., Defendant-Appellees.
 No. 89-15223.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1991.*
Decided Dec. 16, 1991.
 
 Before TANG, REINHARDT and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harry Lee Dodd, an inmate at the federal correctional facility at Phoenix, Arizona, brought a Bivens action in district court alleging constitutional deprivations following his placement in administrative detention by the defendants. The district court noted that the plaintiff was seeking monetary damages and, without serving the complaint on the defendants and calling for a response, dismissed for failure to exhaust administrative remedies. The plaintiff appeals, and we reverse.
 
 
 3
 A court's sua sponte dismissal of a complaint before issuance and service of process upon the defendants is construed as a determination that the complaint is frivolous under 28 U.S.C. § 1915(d). See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). A frivolous claim is one which "lacks an arguable basis in either law or fact." Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989).
 
 
 4
 The district court erred in concluding that the plaintiff's complaint was frivolous because he had failed to exhaust his administrative remedies. First, the plaintiff may be seeking only monetary relief. In such a case, it is arguable that exhaustion is not required.[1] Second, even if exhaustion is required, it might be waived. See Del Raine v. Carlson, 826 F.2d 698, 704 (7th Cir.1987). Thus, the district court could not say that Dodd's complaint was frivolous without first serving it on the defendants. Finally, it is arguable as a matter of fact that Dodd has exhausted the available administrative remedies. Accordingly, we reverse the judgment of dismissal and remand to the district court with instructions to serve process on the defendants.
 
 
 5
 REVERSED AND REMANDED WITH INSTRUCTIONS.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The law of the Ninth Circuit appears unsettled on the matter and other circuits have split. Compare Muhammad v. Carlson, 739 F.2d 122, 125 (3d Cir.1984) (not requiring exhaustion); Goar v. Civiletti, 688 F.2d 27 (6th Cir.1982) (same) with McCarthy v. Maddigan, 914 F.2d 1411, 1412 (10th Cir.1990) (requiring exhaustion); Hessbrook v. McLennon, 777 F.2d 999, 1007 (5th Cir.1985) (same). We need not resolve whether exhaustion is required, however, because it is clear from the state of the law that it is at least arguable that exhaustion is not required