968 F.2d 21
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John Francis ROURKE, Plaintiff-Appellant,
v.
Delmar KLEPPER; Billy Allison; Phill McComas; Roger
Cosgro; Todd Edwards; Harold Defibaugh; Karla
Janson; Susan Fick; Art Beeler; and
William Mobely, Defendants-Appellees.
John Francis ROURKE, Plaintiff-Appellant,
v.
Sam E. CRAVEN, Rodney Sharp, and Ray Buntrock, Defendants-Appellees.
John Francis ROURKE, Plaintiff-Appellant,
v.
A.F. BEELER, Warden, Defendant-Appellee.
 Nos. 90-6350, 90-6351 and 90-6353.
 United States Court of Appeals, Tenth Circuit.
 June 10, 1992.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 These three cases involve numerous complaints made against various Bureau of Prison officials. In Rourke v. Craven, No. 90-6351, Mr. Rourke alleged various constitutional violations and requested relief in the form of money damages, injunctive relief, admissions of guilt, and resignations. The district court dismissed plaintiff's claims for failure to exhaust his administrative remedies. In Rourke v. Klepper, No. 90-6350, plaintiff again alleged various constitutional violations and sought money damages, injunctive relief, admissions of guilt, and RICO relief. The district court dismissed his RICO allegations for failure to state a claim and dismissed his other claims for failure to exhaust his Bureau of Prison remedies. In Rourke v. Beeler, No. 90-6353, plaintiff filed a Writ of Habeas Corpus and requested various nonmonetary forms of relief. Again the district court dismissed his complaint for failure to exhaust available administrative remedies.
 
 
 2
 We initially affirmed the district court's disposition in all three cases. Due to the Supreme Court's grant of certiorari in McCarthy v. Maddigan, 914 F.2d 1411 (10th Cir.1990), we held these cases in abeyance. The parties have now addressed the applicability of McCarthy v. Madigan, --- U.S. ----, 112 S.Ct. 1081 (1992), to plaintiff's obligation to exhaust his administrative remedies.
 
 
 3
 In Madigan, the Supreme Court held that exhaustion of the Bureau's internal grievance procedure is not required where a prisoner seeks solely monetary relief. 112 S.Ct. at 1088, 1091 n. 5. As Mr. Rourke concedes, he has asked for more than just monetary relief. We will not permit plaintiff to amend, at this late date, his complaints in Craven and Klepper to include only monetary damages. Similarly, we will not allow plaintiff to now recast his mooted habeas corpus claim in Beeler as a Bivens action. Because Mr. Rourke has failed to exhaust his administrative remedies, and because Madigan does not excuse his incompliance, the district court's dismissal in all three cases is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3