Domonic SANTINI, Plaintiff,

v.

Hon. Gilberto GIERBOLINI; Hon. Roberto Schmidt–Monge; Daniel F. Lopez–Romo; Antonio R. Bazan–Gonzalez, Defendants.

Civil No. 96–1022(SEC).

United States District Court,
D. Puerto Rico.

July 26, 1996.

Domonic Santini, Phoenix, AZ, Pro–Se.

U.S. Attorney's Office District of P.R., Civil Division, Hato Rey, PR, for Defendants.

### OPINION AND ORDER

CASELLAS, District Judge.

#### Plaintiff's Criminal and Civil Actions Before the Court

Plaintiff Domonic Santini ("plaintiff") was convicted for knowingly and intentionally possessing with intent to distribute marijuana, being a citizen of the United States on board a vessel in the high seas. *United States v. Santini*, Criminal No. 86–571(GG). On appeal from his judgment of conviction, the First Circuit Court of Appeals reversed the convictions obtained under Counts One and Three. The conviction obtained under Count Two was vacated without prejudice to reprosecution based on new independent evidence of plaintiff's citizenship. *United States v. Doe*, 878 F.2d 1546 (1st Cir.1989). (Docket Nos. 129, 132).[1] Plaintiff eventually pled

guilty to the charges alleged under Count Two of the superseding indictment (Docket No. 181), and was sentenced to serve terms of nine (9) years of imprisonment and five (5) years of supervised release; the Court also imposed a stand-committed fine. (Docket Nos. 199, 200).

On November 26, 1990, plaintiff filed two separate motions pursuant to 28 U.S.C. § 2255, *Santini v. United States*, Civil No. 90–2535(GG) (Docket No. 205), requesting habeas relief pursuant to *United States v. Mazzaferro*, 907 F.2d 251 (1st Cir.1990). Plaintiff argued that the criminal conduct to which he pled guilty, Count Two of the superseding indictment, was not prohibited conduct during the period of time between November 10, 1986, and November 17, 1988. Conversely, the United States argued that *Mazzaferro* did not support plaintiff's allegations and that despite 46 U.S.C.App. § 1903's failure to specifically mention United States' citizens, the statute rendered the conduct previously typified under 21 U.S.C. § 955a(b) unlawful as to "any person on board a vessel of the United States, or on board a vessel subject to the jurisdiction of the United States." (Docket No. 206). The Honorable Gilberto Gierbolini, U.S. District Judge dismissed plaintiff's habeas petition (Docket No. 207); mandate issued dismissing plaintiff's appeal before the First Circuit Court of Appeals. (Docket No. 208).

A magistrate judge recommended that plaintiff's 1992 request for a new trial (Docket No. 210), also be denied by the Court pursuant to 28 U.S.C. § 2255 in that plaintiff's "allegation of a defective indictment was raised in his appeal of his conviction by a jury ... but [the First Circuit] upheld the validity of the indictment as to this count." *Santini v. United States*, Civil No. 92–2911(GG). On November 16, 1993, the Court entered judgment accordingly. Plaintiff appealed, and the First Circuit Court of Appeals entered mandate remanding the case for further proceedings. *Santini v. United States*, Appeal No. 94–1367. On January 1995 the Court entered judgment, pursuant to its opinion and order, vacating plaintiff's

---

1. Docket entry references are to Criminal No. 86–571(GG), unless otherwise noted.

conviction under Count Two of the superseding indictment and denying plaintiff's request for expungement in Criminal 86–571(GG). (Docket Nos. 228–29).

In the meantime, plaintiff had been accused and reprosecuted for the commission of other crimes while on parole;[2] a three-count indictment was returned against plaintiff charging violations to 49 App.U.S.C. §§ 1301 and 1472(i)(I)(2), and 18 U.S.C. §§ 752(a), 924(c), and 2. Plaintiff eventually pled guilty and was sentenced to serve consecutive terms of imprisonment of ten (10) years as to Count One and five (5) years as to Count Two; judgment was entered accordingly on December 9, 1991. *United States v. Santini,* Criminal No. 91–182(HL).

On August 24, 1995, plaintiff moved for habeas relief as to his judgment of conviction in Criminal No. 91–182(HL). *Santini v. United States,* Civil No. 95–2061(HL). Same was dismissed by the Court on December 20, 1995. Plaintiff continues serving his sentence and has appealed from the dismissal of his habeas petition. *Santini v. United States,* Appeal No. 96–1232.

Plaintiff filed the *pro se* civil rights complaint now before the Court on January 1996. Having granted plaintiff's motion to proceed *in forma pauperis* on April 15, 1996, the Court liberally construes his civil rights complaint as filed under 42 U.S.C. § 1983 and pursuant to the doctrine enunciated in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (person injured by federal officer's violation of the Constitution may seek redress in federal court).

### Plaintiff's Allegations

Through his civil rights complaint plaintiff requests that the Court assess compensatory and punitive damages in connection to his prosecution under Criminal No. 86–571(GG), against named defendants Honorable Gilberto Gierbolini, U.S. District Judge, then magistrate-judge Roberto Schmidt–Monge, then United States Attorney Daniel F. López–Romo, and Assistant United States Attorney Antonio R. Bazán. Plaintiff alleges that the defendants, acting under color of law, conspired to deprive him of his liberty by prosecuting him for conduct that was not prohibited conduct at the time of the commission of the offense, as later determined by the Court in its January 1995 opinion and order vacating plaintiff's conviction on said grounds. (Docket Nos. 228–29). The Court notes, however, that before plaintiff's conviction was vacated the United States had filed a motion expressing, among other things, that "[b]ecause he has also been serving consecutive terms of imprisonment of 10 years for air piracy and five (5) years for a weapons violation, Criminal No. 91–182(HL), no prejudice has come to the petitioner." (Docket No. 16—Civil No. 92–2911[GG] ).

### The Standard Under 28 U.S.C. § 1915(d)

■ Because plaintiff appears *pro se,* the Court reads his complaint generously. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1988) (*pro se* pleadings must be liberally construed). As such, dismissal is not appropriate unless it can be said "with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines,* 404 U.S. at 520–21, 92 S.Ct. at 595–96.

■ 28 U.S.C. § 1915(d), authorizes the Court to dismiss a claim filed *in forma pauperis* prior to service "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *Denton v. Hernández,* 504 U.S. 25, 33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

■ *Pro se* civil rights complaints, however liberally construed, must still be sufficient to state a claim. *Hughes v. Rowe,* 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980). *Compare, Barr v. Abrams,* 810 F.2d 358, 363 (2nd Cir.1987) ("Complaints relying on the civil rights statutes are insufficient

---

**2.** Plaintiff had been released on parole as of December 19, 1990. (Docket No. 206).

unless they contain some specific allegations of fact indicating a deprivation of rights.").

■ In addition, a person seeking to recover damages under *Bivens, supra,* must satisfy three requirements: (1) assert that a constitutionally protected right has been violated; (2) state a cause of action sufficient to invoke the general federal question jurisdiction of the district court; and (3) demonstrate why money damages is the appropriate form of relief. *See, Muhammad v. Carlson,* 739 F.2d 122, 123–4 (3rd Cir.1984).

### Defendants are Immune from Suit Under the Doctrine of Absolute Immunity

■ It is well established that judges enjoy absolute judicial immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. *Brewer v. Blackwell,* 692 F.2d 387, 396–97 (5th Cir.1982).

■ "A judge does not lose immunity because an action is erroneous, malicious, in excess of his authority, or disregardful of elementary principles of procedural due process, as long as the judge had jurisdiction over the subject matter before him." *Decker v. Hillsborough County Attorney's Office,* 845 F.2d 17 (1st Cir.1988). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco,* 502 U.S. 9, 9–10, 112 S.Ct. 286, 287, 116 L.Ed.2d 9 (1991), citing *Bradley v. Fisher,* 80 U.S. 335, 347, 20 L.Ed. 646 (1871). "[T]he essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." *Mitchell v. Forsyth,* 472 U.S. 511, 525, 105 S.Ct. 2806, 2814, 86 L.Ed.2d 411 (1985).

■ Plaintiff's complaint appears to be based on the notion that the defendants conspired to prosecute him despite the absence of jurisdiction, as evidenced by the Court's order vacating his conviction on grounds that plaintiff's conduct was not criminal at the time. However, "[o]nly judicial actions taken in the clear absence of all jurisdiction will deprive a judge of absolute immunity." *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir.1989) (amended), citing *Stump,* 435 U.S. at 357, 98 S.Ct. at 1104.

There is a distinction, as observed by Supreme Court Justice Field, "between the excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter. Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible." *Bradley,* 80 U.S. at 351–52, 20 L.Ed. 646.

However, that is not the case here. First of all, it is undisputed that district courts "have original jurisdiction exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. This includes the United States District Court for the District of Puerto Rico. *See, Miranda v. United States,* 255 F.2d 9, 13 (1st Cir.1958).

It follows that, "[f]or the soundest reasons of policy it has long been established that when a judge has general jurisdiction over the subject matter he is not civilly liable for acts done in the exercise of his judicial function. But this does not mean that judicial immunity hangs upon the determination of nice questions of jurisdiction which * * * can be some of the most difficult and embarrassing that a judicial officer may be called upon to consider and decide." *Sullivan v. Kelleher,* 405 F.2d 486, 487 (1st Cir.1968).

As the Supreme Court stated,

But it on the other hand a judge of a criminal court, invested with general criminal jurisdiction over offenses committed within a certain district, should hold a particular act to be a public offence, which is not by the law made an offense, and pro-

ceed to the arrest and trial of a party charged with such act, or should sentence a party convicted to a greater punishment than that authorized by the law upon its proper construction, no personal liability to civil actions for such acts would attach to the judge, although those acts would be in excess of his jurisdiction, or of the jurisdiction of the court held by him, for these are particulars for his judicial consideration, whenever his general jurisdiction over the subject-matter is invoked.

*Bradley,* 80 U.S. at 352, 20 L.Ed. 646.

### Conclusion

Clearly, the conduct challenged by plaintiff unequivocally falls within defendants Gierbolini's and Schmidt–Monge's authority as judicial officers of the Court and in the ordinary exercise of their judicial duties. Accordingly, plaintiff's civil rights claim against these defendants should be dismissed with prejudice.

■ Likewise, prosecuting attorneys are absolutely immune from suit under § 1983 for acts such as the initiation of the prosecution and presentation of the government's case, acts intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

Acts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made.

*Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993).

Plaintiff's claims as to the actions taken by defendants López–Romo and Bazán are "intimately associated with the judicial phase of the criminal process," *Imbler, supra.* Therefore, these defendants are absolutely immune from suit as well.

WHEREFORE, all premises considered, plaintiff complaint is hereby **DISMISSED WITH PREJUDICE.**

**SO ORDERED.**

