959 F.2d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bobby PEAK; Joe Crowhorn; Alphonso Duncan, Plaintiffs-Appellants,
v.
Stephen SMITH; John Wigginton; Domingo Baisas, M.D.,
Defendants-Appellees.
 No. 91-5902.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1992.
 
 Before RALPH B. GUY, Jr. and DAVID A. NELSON, Circuit Judges, and REAVLEY, Senior Circuit Judge.*
 
 ORDER
 
 1
 Plaintiffs are three Kentucky prisoners who appeal the district court's award of summary judgment to the defendants in these consolidated civil rights cases that were filed under 42 U.S.C. § 1983. Additionally, the plaintiffs request the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking injunctive and monetary relief, plaintiffs filed separate civil rights actions alleging violations of their constitutional rights under the Eighth and Fourteenth Amendments. Plaintiffs Duncan and Peak are confined to wheel-chairs due to paraplegia. Plaintiff Crowhorn is confined to a wheel-chair due to amputation. Although plaintiff Duncan was released from incarceration and plaintiffs Peak and Crowhorn have been transferred to the Kentucky State Reformatory, each plaintiff challenged the conditions of his confinement at the Luther Luckett Correction Complex (LLCC). Plaintiffs claimed that the conditions at LLCC were not adequate to meet their medical needs and, as a result, their incarceration at that institution constituted deliberate indifference to their serious medical needs. Specifically, plaintiffs argued that the shower and toilet facilities were not designed for use by handicapped inmates and that they were housed in an area which required that they travel long distances (approximately one-quarter of a mile) for access to toilet facilities, meals and medications. As defendants in each of the three actions, plaintiffs named the Warden at LLCC and the Secretary of the Kentucky Corrections Cabinet. Defendant Baisas, a physician at LLCC, was named as a defendant in the action filed by plaintiff Duncan. The plaintiffs did not indicate whether the defendants were being sued personally or in their official capacity as state employees.
 
 
 3
 Defendants filed motions to dismiss or in the alternative for summary judgment. Their motions were supported by documentation showing that plaintiffs had received continuous medical care while at LLCC and that special arrangements were made to accommodate their respective medical needs.
 
 
 4
 The district court determined that plaintiffs were unable to establish a deliberate indifference to their serious medical needs. Summary judgment was entered for defendants.
 
 
 5
 Upon review, we affirm the district court's judgment but for reasons other than those stated by that court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990).
 
 
 6
 As an initial matter, we recognize this appeal as brought only by plaintiffs Peak and Crowhorn as they were the only parties to sign the notice of appeal. As plaintiff Duncan failed to sign the notice of appeal, he failed to effectuate an appeal. Cf. Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988); Minority Employees of the Tenn. Dep't of Employment Sec., Inc. v. Tennessee, 901 F.2d 1327, 1331-36 (6th Cir.) (en banc), cert. denied, 111 S.Ct. 210 (1990). In addition, Peak and Crowhorn are not permitted to plead or conduct the case for others because they are not attorneys. See 28 U.S.C. § 1654. Therefore, the only plaintiffs before this court as appellants are Peak and Crowhorn.
 
 
 7
 Summary judgment should be granted only when a genuine issue of material fact does not exist and the movant is entitled to judgment as a matter of law. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 8
 A judgment in favor of the defendants is appropriate in this case because plaintiffs are barred from receiving both the monetary and the injunctive relief that they seek. Under the Eleventh Amendment, state employees are immune from damages when sued in their official capacity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Wells v. Brown, 891 F.2d 591, 592 (6th Cir.1989). It appears that the defendants in the instant cases were being sued in their official capacity because the complaints do not indicate that they are being sued personally, see Wells, 891 F.2d at 592. They are therefore not subject to suit for monetary damages under 42 U.S.C. § 1983. The recent Supreme Court case of Hafer v. Melo, 112 S.Ct. 358 (1991), does not require a different result. In Hafer, the plaintiff specified the individual capacity of the defendants. Here the plaintiffs did not so specify.
 
 
 9
 Plaintiffs cannot obtain injunctive relief because their claims for such relief are moot. The injunctive relief sought was a provision of adequate physical facilities at LLCC to meet plaintiffs' special medical needs or a transfer to an institution which was equipped to handle those needs. By the time the complaints were filed, plaintiffs had been transferred from LLCC back to the Geriatrics Unit at the Kentucky State Reformatory. Plaintiffs' claims are therefore rendered moot by their transfer to another prison prior to the consideration of their cases by the district court. Cf. Goar v. Civiletti, 688 F.2d 27, 29 (6th Cir.1982).
 
 
 10
 For the foregoing reasons, the request for counsel is denied and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas M. Reavley, Senior Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation