688 F.2d 27
 Robert Benton GOAR, Plaintiff-Appellant,
v.
Benjamin CIVILETTI, Attorney General of United States of
America; Norman Carlson, Director, Bureau of Prisons; Mr.
McCune, Reg. Director, Bureau of Prisons; Robert
Christensen, Warden, FCI, Ashland; Charles Crandall,
Superintendent FCI, Ashland; Mr. E. Goss, Unit Manager, FCI,
Ashland; Mr. D. Darworth, Unit Manager, FCI, Ashland; Mr. C.
McCloud, Unit Counselor; Mr. R. Alvis, Unit Counselor; and
Mr. Berry, Correctional Officer, Defendants-Appellees.
 No. 80-5333.
 United States Court of Appeals,
Sixth Circuit.
 Argued Aug. 2, 1982.
Decided Sept. 13, 1982.
 
 Robert Benton Goar, pro se.
 David E. Melcher (court-appointed), Douglas Miller (argued), Cynthiana, Ky., for plaintiff-appellant.
 Patrick H. Molloy, U. S. Atty., James A. Zerhusen, Asst. U.S. Atty., Lexington, Ky., F. Stine (argued), Newport, Ky., for defendants-appellees.
 Before MERRITT and CONTIE, Circuit Judges, and NEESE,* District Judge.
 MERRITT, Circuit Judge.
 
 
 1
 For purposes of this appeal, we accept as true the following allegations: Robert Goar, an informant, was a federal prisoner at the Ashland, Kentucky, prison in early 1980. The sentencing judge cautioned that Goar should not be sent to Tallahassee, where the principal defendant against whom Goar had testified was imprisoned. After discovering that two inmates at Ashland knew he was an informant, Goar accepted a transfer to Atlanta. The principal defendant was then housed at Atlanta. Goar was transferred back to Ashland. Though he requested administrative segregation, he was placed in the general population. On August 23, 1980, he was attacked by an inmate who knew of Goar's informant activities. He suffered loss of blood from a head wound, a neck and jaw injury, for which he received inadequate medical treatment.
 
 
 2
 On September 15, 1980, Goar filed a complaint against various officials, alleging jurisdiction under 28 U.S.C. § 1331 for his constitutional tort claims for cruel and unusual punishment arising under the Eighth Amendment. He asked for $500,000 in damages and injunctive relief to prevent any future transfers to unsafe prisons. He was then in the process of exhausting his administrative remedies.
 
 
 3
 The lower court dismissed the action for failure to exhaust administrative remedies. We reverse and remand for further proceedings on the money damages claim.
 
 
 4
 A long line of Supreme Court cases recognizes the rule that a party need not exhaust administrative remedies before bringing a claim to federal court when the administrative remedy is inadequate or cannot provide the relief requested. See Patsy v. Florida International University, 634 F.2d 900, 903 (5th Cir. 1981), reversed on other grounds, --- U.S. ----, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982) and cases cited therein; McKart v. United States, 395 U.S. 185, 200, 89 S.Ct. 1657, 1666, 23 L.Ed.2d 194 (1969). This rule applies to the case before us.
 
 
 5
 Section 542.13, 28 Code of Federal Regulations, specifically excludes tort claims from the grievance procedures and administrative remedies available to federal prisoners: "Filings will not be accepted under the Administrative Remedy Procedure for tort claims...." Administrative officials, therefore, do not have the authority to award money damages for tort claims either against the government or against other officials.
 
 
 6
 These circumstances distinguish the case before us from Brice v. Day, 604 F.2d 664 (10th Cir. 1979). In Brice, the prisoner alleged overcrowded conditions. Both injunctive and monetary relief were sought. In that case, however, an administrative remedy could cure the condition complained of. Although the administrative apparatus could not award money damages to the plaintiff, administrative consideration of the possibility of corrective action and a record would have aided a court in measuring liability and determining the extent of the damages. In the case before us, the alleged tortious acts were not continuing. They were complete. Administrative action would not affect either the questions of liability or damages.
 
 
 7
 We are not required to decide whether the District Court erred in dismissing the equitable portion of Goar's claims. As noted by appellant's counsel in oral argument, the injunctive relief sought is now moot since Goar is no longer imprisoned.
 
 
 8
 Accordingly, the judgment of the District Court dismissing the portion of Goar's claim which requested money damages is reversed and the case is remanded for further proceedings on his claim.
 
 
 
 *
 The Honorable C. G. Neese, Judge of the United States District Court for the Eastern District of Tennessee, sitting by designation