895 F.2d 1413
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry A. McKINNEY, Petitioner-Appellant,
v.
O.I. WHITE, Warden, Respondent-Appellee.
 No. 89-5716.
 United States Court of Appeals, Sixth Circuit.
 Feb. 16, 1990.
 
 1
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and ROBERT HOLMES BELL, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals the district court's order dismissing his petition seeking a writ of habeas corpus under 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Petitioner, who had been convicted of the District of Columbia offenses of possession and distribution of heroin and who had been placed as a boarder at the Federal Correctional Institution in Memphis, Tennessee, filed his habeas corpus petition alleging that he was denied credit for time spent in the hospital while awaiting trial. The district court denied the relief sought on the basis that petitioner had not first sought relief through the District of Columbia courts.
 
 
 4
 Based upon a careful review of the record as well as the briefs, this court concludes that the district court properly dismissed the petition for lack of exhaustion. Federal prisoners complaining of events or conditions of confinement must exhaust their administrative remedies before habeas corpus relief may be granted. See Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981) (per curiam). This requirement applies to disputes over sentence credit computation. See Chua Han Mow v. United States, 730 F.2d 1308, 1313-14 (9th Cir.1984), cert. denied, 470 U.S. 1031 (1985). Uncontradicted material in the record before us reflects the availability of an administrative procedure whereby petitioner may seek credit for time served on his District of Columbia sentence. See D.C.Code Ann. Secs. 24-428 to 24-434 (1987). Petitioner may pursue his claim in the District of Columbia courts. Exhaustion would not prove futile. See McKart v. United States, 395 U.S. 185, 200 (1969); Goar v. Civiletti, 688 F.2d 27, 28-29 (6th Cir.1982).
 
 
 5
 Finally, the attachments to petitioner's brief purporting to document correspondence between petitioner and the D.C. Department of Corrections were not before the district court and are not part of the record reviewable by this court. See Fed.R.App.P. 10(a). If petitioner has exhausted his remedies, he can indeed file a new petition seeking habeas relief on the grounds stated herein.
 
 
 6
 Accordingly, the district court's order of dismissal is hereby affirmed without prejudice to petitioner's right to refile following exhaustion of his administrative remedies before the District of Columbia courts. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation