902 F.2d 35
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul TATE, Plaintiff-Appellant,
v.
Robert BROWN, Jr., Director, Michigan Department of
Corrections; Dan Bolden, Deputy Director, Bureau of
Correctional Facilities; John Makowski, Warden, Ionia
Temporary Facility, Defendants-Appellees.
 No. 89-1944.
 United States Court of Appeals, Sixth Circuit.
 May 3, 1990.
 
 Before RALPH B. GUY, Jr., and DAVID A. NELSON, Circuit Judges; and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Paul Tate, a Michigan state prisoner, requests the appointment of counsel on appeal from the summary judgment entered in favor of defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Tate sued the Director and Deputy Director of the Michigan Department of Corrections and the warden of the Ionia Temporary Facility for injunctive, declaratory, and monetary relief. His complaint alleged that overcrowding at Ionia resulted in inadequate living space, bathroom facilities, rehabilitative programs, library space, and food service, as well as causing generally dangerous conditions, in violation of the eighth amendment. He also complained that there was no medical staff at the facility after 10 p.m. The district court granted defendants' motion for summary judgment over Tate's objection.
 
 
 3
 Upon consideration, we conclude that summary judgment was proper, as there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 246 (1986). The supporting affidavits attached to defendants' motion establish that there has been no deprivation of food, medical care, or sanitation, nor any increase in violence. Therefore, the acknowledged overcrowding does not amount to cruel and unusual punishment. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981). Plaintiff's response to the motion did not refute these findings, but instead attempted to raise issues not relevant to the original complaint. Thus, Tate presented only legal conclusions and unwarranted factual inferences which the court need not accept as true. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987).
 
 
 4
 Moreover, Tate indicates on appeal that he has been transferred, which moots his claims for injunctive and declaratory relief. See Goar v. Civiletti, 688 F.2d 27, 29 (6th Cir.1982). The only remaining claim is one for monetary damages, which may not be recovered from state officials under 42 U.S.C. Sec. 1983. See Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311 (1989).
 
 
 5
 Accordingly, the request for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.