918 F.2d 957
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry Andra McKINNEY, Plaintiff-Appellant,
v.
BUREAU OF PRISONS, Michael Quinlan, Director, Bill Story,
Warden, Ashland F.C.I., Ashland FCI Records Office
Personnel, United States Parole Commission, District of
Columbia Government, Marion S. Barry, Jr., Mayor, D.C.,
Director, District of Columbia Department of Corrections,
Director, District of Columbia, Board of Parole, Director,
District of Columbia, Corrections Record Office, Defendants-Appellees.
 No. 90-5294.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1990.
 
 Before KENNEDY and MILBURN, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Larry Andra McKinney appeals the district court's order dismissing his civil rights complaint filed against the Federal Bureau of Prisons, the Director of the Bureau of Prisons, the Warden of the Ashland, Kentucky, Federal Correctional Institute and several other defendants, including federal officials in charge of his parole. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Although originally filed in the District of Columbia, the case was eventually transferred to the Eastern District of Kentucky for resolution of McKinney's claim that he was given inadequate medical care and treatment for his drug addiction, while incarcerated at the federal facility in Ashland, Kentucky. The district court concluded that the plaintiff had not exhausted his administrative remedies, a prerequisite to an action such as this, brought under the doctrine announced in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).
 
 
 3
 Upon review, we conclude that the record contains evidence establishing that McKinney is not barred from bringing this claim in federal court, as the administrative remedy which he is seeking is inadequate and cannot provide the relief requested. Goar v. Civiletti, 688 F.2d 27, 28 (6th Cir.1982). Nevertheless, McKinney's allegations of mistreatment do not rise to the level of a violation of constitutional rights, as required to maintain a Bivens action. He has not shown deliberate indifference to his medical needs, rising to the level of unnecessary and wanton infliction of pain proscribed by the eighth amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). The evidence shows that McKinney's medical needs were not ignored and that he was provided voluntary counseling programs and eventual participation in a more comprehensive drug treatment program in a facility to which he was later transferred.
 
 
 4
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.