924 F.2d 1058
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Morris MARTIN, Plaintiff-Appellant,
v.
Robert BROWN, Jr., Director, Michigan Department of
Corrections; PETE VIDOR, Acting Warden, Ionia Maximum
Correctional Facility; Jana Erridge, Mail Room Personnel,
Ionia Maximum Correctional Facility, Defendants-Appellees.
 No. 90-1540.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1991.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges; and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Morris Martin is a Michigan prisoner who appeals pro se from the dismissal of a civil rights case that he had filed under 42 U.S.C. Sec. 1983. His case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel concludes that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Martin alleged that the defendants had violated his constitutional rights because they prevented him from receiving a list of titles that had been sent to him by a video company. Martin also alleged that the defendants' actions violated Michigan's Administrative Procedure Act. On April 9, 1990, the district court granted the defendants' motion to dismiss. The court reasoned that Martin's claim did not rise to a constitutional level because it was based on the defendants' alleged failure to adhere to their own regulations. It is from this judgment that Martin now appeals.
 
 
 3
 Upon review, we affirm the dismissal of Martin's case on other grounds. The possibility of a state law violation does not preclude Martin's constitutional claim. However, the monetary relief that he requests is barred by the eleventh amendment. See Wells v. Brown, 891 F.2d 591, 592 (6th Cir.1989). Moreover, Martin is not entitled to declaratory relief because the regulation and policy that he disputes are not unconstitutional on their face, cf. Thornburgh v. Abbott, 490 U.S. 401 (1989), and because his claim against the only defendant who may have applied those provisions unconstitutionally has been mooted by Martin's transfer to another institution, cf. Goar v. Civiletti, 688 F.2d 27, 29 (6th Cir.1982). Under these circumstances, the district court did not abuse its discretion by declining jurisdiction over Martin's remaining state law claim. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).
 
 
 4
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.