945 F.2d 405
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ismail A. RAHEEM, Plaintiff-Appellant,
v.
Robert E. LECUREUX, R. Mendominee, B. Davis, Officer Moon,
Defendants-Appellees.
 No. 91-1434.
 United States Court of Appeals, Sixth Circuit.
 Oct. 3, 1991.
 
 Before BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Ismail A. Raheem, a pro se Michigan prisoner, appeals the district court's summary judgment in favor of the defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory, injunctive and monetary relief, Raheem filed his complaint in the District Court for the Western District of Michigan against several employees of the Michigan Department of Corrections at Kinross Correctional Facility, Kincheloe, Michigan. Raheem alleged that on October 28, 1989, when returning from a visit with individuals from outside the institution, he was asked to comply with a body cavity search. Raheem refused to do this. Raheem was thereafter put into a strip cell, during which time Raheem alleged that he was denied clothing and personal hygiene supplies for three days. Raheem further alleged that there was no bed or other furniture in the strip cell. He also alleged that he was denied food and water for the first 24 hours he was confined to his cell. He alleged that, as a result, his civil rights were violated, basing his claims upon the First, Fourth, Eighth, Ninth, and Fourteenth Amendments. He sued the defendants in their individual and official capacities.
 
 
 3
 On October 11, 1990, a magistrate issued a report recommending that defendants' motion for summary judgment be granted in part and denied in part. The magistrate determined that the practice of performing visual body cavity searches following contact visits was reasonable and did not violate the Constitution. The magistrate further determined that even if Raheem was deprived of clothing and personal hygiene supplies for a period of time in October 1989, there was no violation of Raheem's procedural due process rights. The magistrate also determined that although Raheem may have been subjected to living conditions which violated the Eighth Amendment in October 1989, the defendants were entitled to Eleventh Amendment immunity on the damages claim. Finally, the magistrate determined that genuine issues of fact remained with regard to Raheem's claims that he was denied food and water for 24 hours, blankets for sleeping and adequate toilet facilities.
 
 
 4
 On October 23, 1990, the defendants filed objections to the magistrate's report and recommendation, seeking a clarification of an apparent conflict in the magistrate's October 11, 1990 report and recommendation. Raheem filed objections on October 30, 1990, and a response to defendants' objections on November 26, 1990.
 
 
 5
 On November 30, 1990, the magistrate issued a supplemental report and recommendation. The magistrate clarified the apparent conflict in the October 11, 1990 report and recommendation and further addressed Raheem's claims for equitable relief on the alleged Eighth Amendment violation. The magistrate concluded that the request for equitable relief did not present a justiciable controversy since Raheem had been transferred from Kinross Correctional Facility, thus mooting his claims for injunctive and declaratory relief. Despite Raheem's timely objections to the supplemental report and recommendation, the district court entered an order and judgment adopting both the October 11, 1990, report and recommendation and the November 30, 1990, supplemental report and recommendation, and granting defendants' motion for summary judgment.
 
 
 6
 Upon review, we affirm the judgment of the district court. The defendants were clearly acting in their official capacity in this case. See Cowan v. University of Louisville School of Medicine, 900 F.2d 936, 940-941 (6th Cir.1990). Therefore, the Eleventh Amendment bars the damage claims. Alabama v. Pugh, 438 U.S. 781, 782 (1978); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989).
 
 
 7
 Upon further review, we also conclude that summary judgment for the defendants was proper insofar as Raheem sought equitable relief on the alleged Eighth Amendment violation, as there was no genuine issue of material fact, and the defendants were entitled to judgment as a matter of law. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Raheem's transfer to a different prison institution rendered his claims for injunctive and declaratory relief moot. See Goar v. Civiletti, 688 F.2d 27, 29 (6th Cir.1982). Furthermore, Raheem has not shown a "reasonable expectation" nor a "demonstrated possibility" that he will be returned to Kinross Correctional Facility and be subjected to the allegedly unconstitutional conditions by the same defendants to warrant injunctive relief. See Los Angeles v. Lyons, 461 U.S. 95, 102 (1983).
 
 
 8
 For the foregoing reasons, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.