959 F.2d 241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Greg SCHULTZ, Plaintiff-Appellant,
v.
UNITED STATES PAROLE COMMISSION, et al., Defendant-Appellee.
 No. 91-16186.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided March 30, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Greg Schultz, an Arizona state prisoner serving a concurrent federal sentence, appeals pro se the district court's dismissal of his Bivens[1] action for failure to exhaust administrative remedies. Schultz alleged that his constitutional rights were violated because he was not permitted to appear personally at his United States Parole Commission hearing. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989), and reverse and remand.
 
 
 3
 We construe the district court's dismissal of a complaint prior to service of process as a dismissal for frivolousness pursuant to 28 U.S.C. § 1915(d). Id. A complaint is frivolous "where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Before dismissing a complaint, the district court must give a pro se litigant an opportunity to amend, unless it is absolutely clear the complaint's deficiencies cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 4
 Here, Schultz filed his original complaint alleging that, because he was in state prison, he was denied his right to appear personally before the United States Parole Commission hearing. He alleged that this violated his due process and equal protection rights. He sought injunctive relief and damages. The district court dismissed his complaint with leave to amend, advising him that a prisoner must exhaust administrative remedies before filing a Bivens action seeking injunctive relief. Schultz amended his complaint to seek monetary relief only. The district court dismissed the complaint and action, relying on Hessbrook v. Lennon, 777 F.2d 999 (5th Cir.1985), which requires prisoners to exhaust administrative remedies even where they seek monetary relief only.
 
 
 5
 The Supreme Court recently addressed the issue of exhaustion of administrative remedies for a Bivens claim. McCarthy v. Madigan, 60 U.S.L.W. 4191 (U.S. Mar. 4, 1992). Resolving a split among the circuits,[2] the Court held that federal prisoners need not exhaust administrative remedies before filing a Bivens action that seeks monetary relief only. Id. at 4193-94. Here, Schultz's amended complaint sought monetary relief only. Thus, he was not required to exhaust administrative remedies. See id.
 
 
 6
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)
 
 
 [2]
 Compare Hessbrook, 777 F.2d at 1007, (exhaustion required) and Brice v. Day, 604 F.2d 664, 666-67 (10th Cir.1979) (same) cert. denied, 444 U.S. 1086 (1980), with Muhammed v. Carlson, 739 F.2d 122, 125 (3d Cir.1984) (exhaustion not required), and Goar v. Civiletti, 688 F.2d 27, 29 (6th Cir.1982) (same)