977 F.2d 581
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John FRY, Plaintiff-Appellant,
v.
Herman ELLEBY, Classification Director, Defendant-Appellee.
 No. 92-1405.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1992.
 
 Before RALPH B. GUY, Jr. and BATCHELDER, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 John Fry, pro se, appeals the district court's order granting the defendant's motion for summary judgment in this civil rights case which he filed under 42 U.S.C. § 1983. The defendant, sued in his individual and official capacities, is the Classification Director at the Marquette Branch Prison (MBP) in Marquette, Michigan.
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his complaint, Fry alleged: 1) he was denied due process and equal protection because the defendant did not follow certain policy directives that allegedly created a liberty interest in Fry's retention of his prison employment in the kitchen facility at MBP; 2) the defendant subjected Fry to cruel and unusual punishment by removing him from this prison employment; and 3) defendant's alleged "deliberate indifference" to his "liberty interests" inflicted emotional distress upon him. The matter was referred to a magistrate judge who recommended that the complaint be dismissed on the basis that the defendant was entitled to Eleventh Amendment immunity. In the alternative, the magistrate judge found that the defendant was entitled to summary judgment. The district court adopted the report and recommendation, with the exception of the portion of the report barring Fry's claims under Eleventh Amendment immunity. Subsequently, the district court determined that an appeal in the matter would be taken in good faith pursuant to 28 U.S.C. § 1915(a), allowing Fry to proceed in forma pauperis.
 
 
 4
 On appeal, Fry again presents the due process and Eighth Amendment claims presented to the district court and requests the appointment of counsel. He has abandoned his allegation of intentional infliction of emotional distress. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 5
 This court's review of a grant of summary judgment is de novo using the same test as used by the district court. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). In ruling on a motion for summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir.1989) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).
 
 
 6
 The district court was correct in refusing to adopt the magistrate judge's recommendation in regard to Eleventh Amendment immunity. See Hafer v. Melo, 112 S.Ct. 358, 365 (1991); Hardin v. Straub, 954 F.2d 1193, 1199 (6th Cir.1992). However, the magistrate judge's report analyzed and disposed of Elleby's claims on alternative grounds found to be acceptable by the district court, in its opinion and order. Events occurring subsequent to Fry's filing of this complaint, specifically Fry's reinstatement to his job assignment and his transfer from MBP to another prison facility, have rendered his request for injunctive relief moot. Brock v. International Union, UAW, 889 F.2d 685, 689-92 (6th Cir.1989); Goar v. Civiletti, 688 F.2d 27, 29 (6th Cir.1982). However, the question of whether Fry is entitled to damages must still be addressed.
 
 
 7
 First, Fry has no constitutionally protected property interest in continued employment within the prison. Newsom v. Norris, 888 F.2d 371, 374 (6th Cir.1989); Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir.1987) (per curiam). Secondly, the compensation that Fry alleges was unconstitutionally taken from him by the defendant's action is not constitutionally required, because compensation for prison work is only by "grace of the state." Mikeska v. Collins, 900 F.2d 833, 837 (5th Cir.1990). Although the Eighth Amendment applies to a variety of situations ( see Parrish v. Johnson, 800 F.2d 600, 609 (6th Cir.1986)), the defendant's actions did not reflect unnecessary and wanton infliction of pain to fall within the ambit of conduct proscribed by that amendment. Estelle v. Gamble, 429 U.S. 97, 103 (1976).
 
 
 8
 Fry alleges that he was denied due process by the defendant's failure to comply with the Michigan Department of Corrections (MDOC) policies which Fry alleges have created a protected liberty interest in his retention of prison employment from which he was removed. In support of his argument, Fry relies on certain language in the departmental rules and policies, specifically: 1) that written notice must be given to the prisoner before a reclassification decision or hearing may take place; 2) 48 hours advance notice of a reclassification must be given, which was not done when Elleby conducted further investigation and unilaterally removed Fry, on November 20, 1989, from his prison assignment; 3) the rules require an opportunity to present evidence or speak on one's behalf before a reclassification decision may be made; and 4) defendant Elleby violated the policy directives by not allowing Fry to return to his former job after his former assignment supervisor recommended that action.
 
 
 9
 Giving the prisoner in this case the benefit of the doubt and assuming a liberty interest was implicated by the language contained in Michigan's prison policy directives, Fry's claim must nevertheless fail, for the reasons provided by the magistrate judge and the district court. The prison and state provided an adequate post-deprivation remedy as shown by a subsequent rehearing and the fact that Fry was reinstated to his prison job. The defendant's random and unauthorized act, under the meaning of Parratt v. Taylor, 451 U.S. 527 (1981), could not have been foreseen and prevented by the state. However, the state did provide the relief requested by Fry, in the form of reinstatement to his prior position. Zinermon v. Burch, 494 U.S. 113 (1990). Because Fry's claims under § 1983 for injunctive and compensatory relief do not survive analysis under the law, Fry cannot now request declaratory relief on that basis. Green v. Mansour, 474 U.S. 64 (1985).
 
 
 10
 Accordingly, the district court's order granting summary judgment to the defendant is hereby affirmed, and Fry's request for counsel is hereby denied. Rule 9(b)(3), Rules of the Sixth Circuit.