1 F.3d 1241
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lawrence D. KREUZER, Plaintiff-Appellant,
v.
Bob JONES, Warden Greene County Jail, Defendant-Appellee.
 No. 93-3046.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1993.
 
 Before: KEITH and KENNEDY, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Lawrence D. Kreuzer, a former inmate of the Greene County Jail in Xenia, Ohio, appeals pro se from a district court judgment dismissing his civil rights case filed under 42 U.S.C. Sec. 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Kreuzer alleged that he had been denied medication and assaulted by deputies in 1986, that he had been forced to wear jail clothes to court in 1987, that he had been placed in segregation without due process in 1988, that he had been mistreated while in segregation during 1988 and 1989, that the warden and deputies had encouraged or allowed other inmates to assault him in 1989, and that deputies had attempted to shackle him and to lock him in with a threatening inmate in March of 1990. Kreuzer also generally alleged that he was denied legal materials, phone calls and medication and that his legal mail was interfered with on several occasions. He sought only injunctive relief, in the form of an order compelling his immediate release or transfer from the jail and his transfer from the jail within 24 hours if he were incarcerated in the future.
 
 
 3
 On November 11, 1992, the district court found that Kreuzer's claim for immediate injunctive relief was barred by the applicable statute of limitations. See Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir.1989) (en banc). The court also found that any claims relating to current incarceration were moot, as Kreuzer had already been released from confinement. See Goar v. Civiletti, 688 F.2d 27, 29 (6th Cir.1982). On January 6, 1993, the district court granted the defendants' motion for summary judgment on Kreuzer's remaining claim for prospective injunctive relief. It is from this judgment that Kreuzer now appeals.
 
 
 4
 Upon review, we conclude that Kreuzer's claim for immediate injunctive relief was properly dismissed for the reasons well-stated in the district court's Decision and Order entered November 11, 1992. A de novo review of the record also indicates that the district court properly determined that Kreuzer was not entitled to prospective injunctive relief. Kreuzer has not met his burden of showing that he was unable to litigate his claims when they arose or that he could reasonably expect to be incarcerated or subjected to the alleged conditions in the future. See Weinstein v. Bradford, 423 U.S. 147, 148-49 (1975) (per curiam); Preiser v. Newkirk, 422 U.S. 395, 403 (1975).
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.