12 F.3d 213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael James MEZO, Plaintiff-Appellant,
v.
Harold TAYLOR, Jailer; Robert Edge; Charles G. Grundy,
Defendants-Appellees.
 No. 93-5672.
 United States Court of Appeals, Sixth Circuit.
 Dec. 15, 1993.
 
 Before: MERRITT, Chief Judge, and NELSON and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Michael James Mezo, a pro se Kentucky prisoner, appeals a district court order granting the defendants' motion for summary judgment in this civil rights action filed under 42 U.S.C. Sec. 1983. The defendants, sued in their individual and official capacities, are Harold Taylor, the Jailer at the Daviess County Detention Center (DCDC), and Robert Edge and Charles Grundy, Deputy Jailers at DCDC. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory, injunctive and monetary relief, Mezo alleged that he was refused permission to take paperback books and a Playboy magazine to his cell at DCDC; that six large brown legal envelopes intended to be used for submitting pleadings to the court were taken away from him; and that a request for unlined white paper for court use was refused. In an affidavit filed after the commencement of suit Mezo alleged that mail addressed to him was withheld without notice and either returned to the sender or "placed in my property without my consent and without notification...."
 
 
 3
 The matter was referred to a magistrate judge, who determined that Mezo's allegations were insufficient to support his claims of constitutional violations. The magistrate judge recommended that the defendants' motion for summary judgment be granted. Adopting the recommendations over Mezo's objections, the district court entered summary judgment for the defendants. We shall affirm the judgment.
 
 
 4
 Mezo is no longer incarcerated at DCDC, and there has been no showing of a reasonable expectation that he will again be a prisoner in that facility. His claims for declaratory and injunctive relief are therefore moot. See Weinstein v. Bradford, 423 U.S. 147, 148 (1975) (per curiam); Preiser v. Newkirk, 422 U.S. 395, 402-3 (1975); Goar v. Civiletti, 688 F.2d 27, 29 (6th Cir.1982).
 
 
 5
 Mezo's claim for monetary damages arising from the application of DCDC's Censorship Guidelines has no merit. For one thing, the defendants have articulated a rational security reason for not permitting Mezo to keep nude photographs and "inflammatory writings" (particularly the Playboy magazine) in his cell. The possession of such materials tends to encourage theft, fights, and general disruption of prison order. See Thornburgh v. Abbott, 490 U.S. 401, 416 (1989); Espinoza v. Wilson, 814 F.2d 1093, 1099 (6th Cir.1987) (per curiam). Similarly, the defendants have articulated a legitimate security reason for restricting inmates' access to newspapers--namely, to limit the amount of combustible materials in the cells.
 
 
 6
 Mezo was not denied his right of access to the courts when he was given yellow lined paper instead of white paper. The Constitution guarantees prisoners a right to communicate with the courts, not a right to communicate on paper of a particular color. Mezo admits in his appellate brief that he has "filed several pleadings in the District Court on yellow paper and seemingly has not suffered from it." Neither does Mezo have a constitutional right to large brown envelopes, the metal fasteners on which can be used to fashion makeshift handcuff keys.
 
 
 7
 Regarding Mezo's contention that he did not receive statutes and case law that were mailed to him, the presence in the record of numerous pleadings and memoranda prepared by him is compelling evidence that Mezo's right of access to the courts has not been denied. In any event, Mezo failed to demonstrate prejudice to any claim or pending litigation. In the absence of such a demonstration the defendants were entitled to summary judgment on the access-to-courts issue. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).
 
 
 8
 As to the affidavit in which Mezo says that he was not notified when certain items sent him in the mail were withheld by the defendants, Mezo's appellate brief acknowledges that these claims "were not properly before the district court in this case...."
 
 
 9
 We therefore affirm the judgment of the district court.