16 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Richard Leon LOWERY, Plaintiff-Appellant,
David Phipps; James Reamsa; Joseph Greiner; Gordon
Johnson, Plaintiffs,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS; John Jabe; Dennis
Sergent; James Luckey, Defendants-Appellees.
 No. 93-1568.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1994.
 
 1
 Before: MILBURN and BOGGS, Circuit Judges, and MILES, Senior District Judge.*
 
 ORDER
 
 2
 Richard Leon Lowery, a Michigan state prisoner proceeding without benefit of counsel, appeals a district court order granting John Jabe's motion for summary judgment. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Lowery and four other inmates of the State Prison of Southern Michigan (SPSM) brought this action pursuant to 42 U.S.C. Sec. 1983 in which they alleged that black inmates make up 90% of "4-Block's" prisoner population and that because of this racial disparity the white minority inmate population was denied safe confinement conditions and other significant rights. More specifically, plaintiffs alleged that they had been subjected to discrimination in violation of the Fourteenth Amendment. They also alleged a deprivation of their First Amendment rights because there was an insufficient number of white law clerks working in the prison's law library and that their Eighth Amendment rights were violated by being forced to live in "inequality of racial tension and oppression." Plaintiffs sought to have their complaint characterized as a class action suit, and they sought monetary damages as well as injunctive relief.
 
 
 4
 The case was submitted to a magistrate judge who recommended that a motion to dismiss the complaint be granted. The district court awarded summary judgment in favor of defendant John Jabe after noting that Jabe was the only defendant remaining in the action and that Lowery's Eighth Amendment claim was the only issue remaining to be decided. The district court also affirmed the magistrate judge's order denying Lowery's motion to discover statistical evidence, denied Lowery's motion to vacate the order of reference to the magistrate judge, and denied motions for appointment of counsel, injunctive relief and for class certification.
 
 
 5
 We review a grant of summary judgment de novo. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Upon review, we find no error.
 
 
 6
 Plaintiff failed to establish his claim of cruel and unusual punishment. Housing a minority of white prisoners in a cell-block with a majority of black prisoners does not purport to be punishment. In order to establish an Eighth Amendment claim for conduct that does not purport to be punishment, the offending conduct must reflect an "unnecessary and wanton infliction of pain." Ingraham v. Wright, 430 U.S. 651, 670 (1977) (quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976)); see also Roland v. Johnson, 856 F.2d 764, 769 (6th Cir.1988) (defendant's conduct must amount to a deliberate indifference to a risk of injury to plaintiff). For such non-penal conduct, a viable Eighth Amendment claim has both an objective and subjective component. Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991). A prisoner may establish the requisite subjective component by showing the existence of a pervasive risk of harm from other inmates and a failure by prison officials to reasonably respond to that risk. Martin v. White, 742 F.2d 469, 474 (8th Cir.1984).
 
 
 7
 Therefore, in order to overcome a motion for summary judgment, plaintiff must show that defendant's conduct created an unnecessary and wanton infliction of pain in the form of a pervasive risk of harm from other inmates in order to fall within the protection of the Eighth Amendment. Id. Plaintiff's complaint does not show a pervasive pattern of specific assaults. The assaults upon plaintiff and another plaintiff which occurred after the complaint was filed do not provide a showing of a pattern of assaults prior to the filing of the complaint. Based upon these facts, plaintiff cannot establish the existence of a pervasive risk of harm.
 
 
 8
 Plaintiff asserts generally that Warden Jabe knew of the risk to white inmates. Plaintiff offers no proof that he made the problem known to anyone. See generally Stewart v. Love, 696 F.2d 43, 44 (6th Cir.1982) (per curiam) (complaint to prison officials). He offers no proof that he filed a prison grievance against defendant or that he sought protective custody as a result of being at risk. In fact, in a letter to Warden Jabe three months before the filing of this action, plaintiff complained of the lack of qualified white law librarians but did not mention a fear of being assaulted by black inmates. Plaintiff cannot establish a pervasive risk of harm, and he cannot establish that defendant's purported knowledge of the risk of assault constituted a reckless disregard of his right to be free from attacks by other inmates. Therefore, plaintiff cannot establish a constitutional violation under the Eighth Amendment. See McGhee v. Foltz, 852 F.2d 876, 881 (6th Cir.1988). No genuine issue of material fact exists, and defendant is entitled to judgment as a matter of law.
 
 
 9
 Furthermore, we find no abuse of discretion in the magistrate judge's denial of Lowery's discovery motion. See Theunissen v. Matthews, 935 F.2d 1454, 1465 (6th Cir.1991). We find Lowery's motion for injunctive relief moot because he was transferred from 4-Block prior to the district court's decision. See Goar v. Civiletti, 688 F.2d 27, 29 (6th Cir.1982). Finally, we find no abuse of discretion in the district court's denial of Lowery's motion to amend his complaint nor do we find abuse of discretion in the denial of the motion for appointment of counsel.
 
 
 10
 Accordingly, the district court order granting summary judgment in favor of defendant John Jabe is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's opinion entered on March 11, 1993.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation