19 F.3d 1434
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert E. PRUNTY, Plaintiff-Appellant,
v.
George WILSON, et al., Defendants-Appellees.
 No. 93-3939.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1994.
 
 1
 Before: KEITH and BATCHELDER, Circuit Judges; and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Robert E. Prunty, an Ohio pro se prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Prunty sued numerous officials and correctional officers of the Ohio Department of Rehabilitation and Corrections alleging that they violated his constitutional rights. He did not state the capacity in which he sued any of these individuals. In a complaint and supplemental complaint, he essentially alleged that other prisoners have harassed and acted abusively towards him, and that the prison guards and officials have not protected his constitutional rights by stopping the alleged abuse. In addition to monetary relief, Prunty sought a transfer to another prison and the abolishment of "unfair" management programs. The district court granted the defendants' summary judgment motion and dismissed the case. On appeal, Prunty's pro se brief is construed as arguing those claims which he raised in the district court. He has filed a motion for the appointment of counsel.
 
 
 4
 Initially, it is noted that Prunty did not properly present all his claims to the district court. Although the district court considered the allegations in his complaint and allowed him to file a supplemental complaint, Prunty raised new claims in his motion for partial summary judgment, including claims of physical abuse, denial of proper medical care and denial of access to the law library. Because he did not properly present these claims before the district court, they are not considered on appeal. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990). We further note that Prunty did not specify the capacity in which he was suing the defendants. Consequently, they are considered as sued in their official capacities, see Wells v. Brown, 891 F.2d 591, 593 (6th Cir.1989), and are therefore not subject to suit for monetary damages under 42 U.S.C. Sec. 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 & n. 10 (1989). In addition, Prunty's claim for injunctive relief in the form of a transfer to another prison is moot because he admits that he was transferred out of Southern Ohio Correctional Facility on January 9, 1991. See McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1363 (11th Cir.1984); Goar v. Civiletti, 688 F.2d 27, 29 (6th Cir.1982). Finally, Prunty lacked standing to challenge the defendants' slow response to his cellmate's request for a transfer.
 
 
 5
 Accordingly, we deny Prunty's motion for the appointment of counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation