25 F.3d 1048
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 James L. HOWARD, Plaintiff-Appellant,
v.
John Doe ALEXANDER; Janet Price; D. Trudell, Defendants-Appellees.
 No. 93-2548.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1994.
 
 Before: KEITH and SUHRHEINRICH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 James L. Howard, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed under 42 U.S.C. Secs. 1983 and 1985. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, injunctive and declaratory relief, Howard sued several Michigan Department of Corrections (MDOC) employees in their individual and official capacities. In his complaint, Howard alleged that defendant Alexander deliberately mishandled Howard's legal mail (an opinion of the Michigan Court of Appeals regarding one of Howard's cases pending against the MDOC), which prevented him from filing a timely application for leave to appeal or a delayed application for leave to appeal in the Michigan Supreme Court in that case. In an amended complaint, Howard alleged that defendants Price and Trudell conspired to transfer him from the Carson City Correctional Facility (OTF) to the Adrian Correctional Facility (ATF) in retaliation for Howard filing grievances and complaints against the MDOC. With regard to this claim, Howard alleged that one day prior to his transfer from OTF, he discussed with defendants Price and Trudell a complaint which he had filed with the Bureau of Health Care Services. He also alleged that the defendants' conduct gives rise to state law tort claims for intentional infliction of emotional distress.
 
 
 3
 A magistrate judge recommended granting defendant Alexander's summary judgment motion. The magistrate judge also recommended granting summary judgment in favor of defendants Trudell and Price on Howard's Sec. 1985 claim and on Howard's claim for declaratory and injunctive relief. However, the magistrate judge recommended denying defendants Trudell and Price summary judgment on Howard's claim of retaliatory transfer. The district court accepted in part and rejected in part the magistrate judge's recommendation and granted summary judgment in favor of the three defendants on all of Howard's claims.
 
 
 4
 On appeal, Howard continues to argue the merits of his case. He requests oral argument.
 
 
 5
 Initially, it is noted that to the extent Howard sued the defendants in their official capacities for monetary relief, the defendants are not subject to suit in that capacity under 42 U.S.C. Sec. 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989).
 
 
 6
 With regard to Howard's claims for injunctive and declaratory relief as they relate to the conditions of confinement at OTF and the personnel at that prison, his claims are moot. Howard was transferred from OTF to ATF on February 14, 1992; a transfer to another prison moots a prisoner's claim for injunctive and declaratory relief. See McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1363 (11th Cir.1984); Goar v. Civiletti, 688 F.2d 27, 29 (6th Cir.1982).
 
 
 7
 Upon review, we conclude that the district court properly granted summary judgment in favor of defendant Alexander on Howard's access to the courts claim because there is no genuine issue of material fact and defendant Alexander is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). However, the district court improperly granted summary judgment to defendants Price and Trudell because there is a genuine issue of material fact in dispute as to why Howard was transferred and whether defendants Price and Trudell transferred Howard in retaliation for exercising his First Amendment rights. Id. Defendants Price and Trudell are not entitled to qualified immunity. Plaintiff's federal or constitutional rights were so clearly established when the alleged misconduct was committed, that Price and Trudell would have known that what they were doing violated those rights. See Anderson v. Creighton, 483 U.S. 635, 640 (1987). If defendants Price and Trudell were responsible for Howard's transfer in retaliation for Howard exercising his First Amendment rights, they violated clearly established law at the time of this conduct because government officials may not retaliate against persons who have participated in constitutionally-protected conduct. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977).
 
 
 8
 The district court properly granted summary judgment in favor of the defendants on Howard's claim brought under 42 U.S.C. Sec. 1985(3) because Howard has not alleged that any of the defendants acted with a racially discriminatory purpose. Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).
 
 
 9
 Accordingly, Howard's request for oral argument is denied, the district court's judgment is affirmed in part and vacated and remanded in part for further proceedings consistent with this order. Rule 9(b)(3), Rules of the Sixth Circuit.