67 F.3d 300
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pearly L. WILSON, Plaintiff-Appellant,
v.
Melody TURNER, Warden, Defendant-Appellee.
 No. 95-3192.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1995.
 
 1
 Before: MARTIN and NORRIS, Circuit Judges, and CHURCHILL, District Judge.*
 
 ORDER
 
 2
 Pearly L. Wilson appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. Sec. 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Wilson sued an unidentified mail handler and the former warden at an institution where he had been incarcerated. Seeking equitable and monetary relief, Wilson alleged that these defendants violated his constitutional rights by mishandling his incoming mail. The district court awarded summary judgment to the defendants on February 14, 1995. It is from this judgment that Wilson now appeals, moving for the appointment of counsel on appeal.
 
 
 4
 Initially, we note that Wilson's claims for equitable relief are now moot, as he has been transferred to another institution. See Goar v. Civiletti, 688 F.2d 27, 29 (6th Cir.1982). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The movant meets its initial burden under Rule 56 by showing that there is an absence of proof regarding an essential element of the case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The burden then shifts to the non-movant to bring forth specific evidence which shows that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). A de novo review of the record shows that Wilson has not met that burden here.
 
 
 5
 Wilson alleged that an unknown prison employee censored and mishandled two pieces of his incoming mail. The district court dismissed this claim because Wilson failed to identify the employee with any specificity. Wilson now argues that he could not do so because he did not have an adequate opportunity to conduct discovery. This argument is unavailing because the warden amended her answers to Wilson's interrogatories by identifying the employees who were assigned to the mail room on the dates that were specified in his complaint. Wilson replied by alleging that he was not served with the amended answers in a timely manner, but he did not argue that the warden's response was otherwise inadequate. Therefore, the district court properly found that Wilson's motions to compel discovery were moot.
 
 
 6
 Wilson now argues that he should not have been confined to a single set of interrogatories. This argument lacks merit because Wilson did not file an affidavit advising the court of his reasons for seeking additional discovery, as prescribed by Fed.R.Civ.P. 56(f). Hence, the court did not abuse its discretion by deciding the summary judgment motion on the record that was before it. See Emmons v. McLaughlin, 874 F.2d 351, 356 (6th Cir.1989).
 
 
 7
 Wilson alleged that the warden violated his constitutional rights by failing to properly train the unknown mail handler. The district court properly found that the warden was not liable under a theory of respondeat superior. See Searcy v. City of Dayton, 38 F.3d 282, 287 (6th Cir.1994). While Wilson now argues that his claim was not based on this theory, the court also found that Wilson had not shown that the warden improperly trained mail room personnel. The warden submitted an affidavit which specifically states that she "was not the immediate superior and/or trainer of mail room personnel," that she was not "personally or directly involved in their supervision or training" and that she had "no personal knowledge of the alleged interference with, or censorship" of Wilson's incoming mail. Summary judgment was proper because Wilson did not submit evidence to counter this affidavit, as required by Fed.R.Civ.P. 56(c). Wilson argues that the affidavit was opposed by his verified complaint. If properly supported, a verified complaint may serve as an affidavit under Fed.R.Civ.P. 56(e). See Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir.1993). However, the conclusory assertions in Wilson's complaint are not sufficient to withstand the warden's well-supported motion for summary judgment. See Moore v. Philip Morris Cos., 8 F.3d 335, 343 (6th Cir.1993); Emmons, 874 F.2d at 355.
 
 
 8
 Accordingly, Wilson's motion for counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation