101 F.3d 702
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James HOWARD, Plaintiff-Appellant,
v.
John Doe ALEXANDER; Janet Price; D. Trudell, Defendants-Appellees.
 No. 96-1024.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1996.
 
 Before: CONTIE, SUHRHEINRICH, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 James Howard, a Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. §§ 1983 and 1985. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Howard sued three state prison officials (Alexander, Price and Trudell) in their individual and official capacities. Howard asserted that: 1) Alexander intentionally interfered with his legal mail; and 2) Price and Trudell conspired to transfer him in retaliation for filing grievances. Howard also raised supplemental state law claims. The district court granted summary judgment in favor of all defendants, but this court vacated the judgment as to the second claim, reasoning that genuine issues of material fact existed regarding why Howard was transferred and whether Price and Trudell transferred him in retaliation for exercising his First Amendment rights. This court also noted that Howard's claims were moot to the extent that he sought equitable relief because he had been transferred to another prison. See Goar v. Civiletti, 688 F.2d 27, 29 (6th Cir.1982). On remand, the district court again granted summary judgment in favor of Price and Trudell.
 
 
 3
 In his timely appeal, Howard reasserts his second claim and argues that the law of the case doctrine precluded the district court from granting summary judgment because this court had vacated the district court's judgment on the claim and because the district court had initially denied summary judgment after remand.
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment to the defendants for the reasons stated in its opinion. Fed.R.Civ.P. 56(c); accord Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995). Howard has failed to produce substantial evidence that the defendants were involved in his transfer in any way, much less that they transferred him in retaliation for exercising protected rights. See Newsom v. Norris, 888 F.2d 371, 377 (6th Cir.1989); Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988).
 
 
 5
 We also conclude that the law of the case doctrine did not preclude the district court from granting summary judgment as its decision was not inconsistent with the prior order of this court, see Bankers Trust Co. v. Bethlehem Steel Corp., 761 F.2d 943, 950 (3d Cir.1985), or the district court's own earlier denial of summary judgment. Cale, 861 F.2d at 946-48.
 
 
 6
 Accordingly, the district court's judgment is affirmed.