**Paul LAMB, Plaintiff–Appellant,**

v.

**David BUMPUS, Henry County Sheriff; Van Dyke, Sergeant, Defendants–Appellees.**

No. 02–5572.

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2002.

Before MARTIN, Chief Judge; DAUGHTREY, Circuit Judge; and O'MALLEY, District Judge.*

*ORDER*

Paul Lamb appeals a district court judgment that dismissed his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Lamb filed his complaint in the district court alleging that he was not permitted to bring newspapers with him when he reported to serve a 45–day sentence of incarceration at the Henry County, Tennessee Jail, and that the defendant jail sergeant was verbally abusive after Lamb filed a grievance in which Lamb requested the right to receive a newspaper. Plaintiff sought injunctive relief and $10,000,000 in punitive damages. The district court dismissed the complaint sua sponte as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) & 1915A(b)(1). Lamb filed a timely notice of appeal.

Upon de novo review, *see McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

1997), we affirm the judgment. First, this court need not address plaintiff's contention that he exhausted available administrative remedies because the district court did not dismiss plaintiff's complaint on this basis. Further, the district court properly dismissed plaintiff's complaint with respect to the defendant sheriff because supervisory personnel are not liable under 42 U.S.C. § 1983 merely under the doctrine of respondeat superior. *See Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995). To the extent that the defendant sheriff could be deemed responsible for the cited jail policy that allegedly prohibits an inmate from bringing newspapers when reporting to begin serving a sentence, that issue has been mooted by his release. The district court properly dismissed plaintiff's complaint with respect to the defendant jail sergeant because plaintiff at most alleged that this defendant was verbally abusive toward plaintiff. *See Ivey v. Wilson*, 832 F.2d 950, 954–55 (6th Cir.1987). In addition, plaintiff's claim for damages is not actionable under 42 U.S.C. § 1997e(e), which provides that "[n]o Federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury." Finally, it is noted that plaintiff's claims for injunctive relief are moot because plaintiff is no longer an inmate in the Henry County Jail. *See Goar v. Civiletti*, 688 F.2d 27, 29 (6th Cir.1982).

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.