**Robert R. CAMPBELL, Petitioner–Appellant,**

v.

**Jose BARRON, Jr., Warden, Respondent–Appellee.**

No. 03–5955.

United States Court of Appeals, Sixth Circuit.

Feb. 12, 2004.

Robert R. Campbell, pro se, Lexington, KY, for Petitioner–Appellant.

Before NORRIS, GILMAN, and ROGERS, Circuit Judges.

*ORDER*

Robert R. Campbell, a pro se federal prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Campbell is currently incarcerated for receipt and possession of stolen mail and a supervised release violation. Without exhausting his available administrative remedies, Campbell filed his habeas corpus petition alleging that the Bureau of Prisons was incorrectly applying 18 U.S.C. § 3624. Because of the inaccuracy, Campbell states that his release date should be thirty days earlier. The district court dismissed the petition without prejudice because Campbell had failed to exhaust his available administrative remedies.

In his timely appeal, Campbell argues that the district court erred by not clarifying how much good-time credit he is entitled to receive each year. He seeks leave to proceed in forma pauperis.

We review the district court's order de novo. *Bostic v. Carlson,* 884 F.2d 1267, 1269 (9th Cir.1989).

Campbell's petition was properly dismissed. A federal prisoner must exhaust all available administrative remedies before filing his § 2241 action. *See Little v. Hopkins,* 638 F.2d 953, 953–54 (6th Cir. 1981). The administrative remedy available to a federal prisoner challenging the denial of good-time credits clearly exists. *See* 28 C.F.R. §§ 542.10–19. Nothing in the record indicates that it would be futile for Campbell to pursue his administrative remedies or that those remedies cannot afford him the relief he requests. *See Goar v. Civiletti,* 688 F.2d 27, 28–29 (6th Cir.1982). Thus, the district court properly dismissed Campbell's petition because Campbell had not exhausted his administrative remedies before filing his petition.

Further, the district court was correct in not addressing Campbell's question as to how much good-time credit he is entitled to receive. As Campbell failed to exhaust his available administrative remedies prior to filing his § 2241 action, any discussion on the application of § 3624 would be premature.

Accordingly, we grant Campbell leave to proceed in forma pauperis for the purposes of this appeal and affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.